IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MURIEL B. SETO; FRIENDS OF HE`EIA STATE PARK; HUI MALAMA `AINA O LAIE; DAWN K. WASSON; et al.,  Plaintiffs, vs. LAURA THIELEN; LINDA LINGLE; DANIEL QUINN; STEVEN THOMPSON;; CURT COTTRELL; RAYMOND SANBORN; KAMA`AINA CARE INCORPORATED; et al.  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. 10-00351 SOM-BMK  ORDER EXTENDING TIME TO ANSWER COMPLAINT OR FILE MOTION TO DISMISS; ORDER DISMISSING NINTH CAUSE OF ACTION; ORDER DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION NO. 9 (DOCKET NO. 12) |

ORDER EXTENDING TIME TO ANSWER COMPLAINT OR FILE MOTION TO
DISMISS; ORDER DISMISSING NINTH CAUSE OF ACTION;
ORDER DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION NO. 9 (DOCKET NO. 12)

I.   ORDER EXTENDING TIME TO ANSWER COMPLAINT OR FILE MOTION TO DISMISS.

As courts have noted on many occasions, "[j]udges are not like pigs, hunting for truffles buried in briefs." Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991); Brewer v. Chaikin, Civ. No. 10-00315 DAE-BMK, slip op. at 2 (D. Haw. June 2, 2010) (Ezra, J.); Pauline v. Patel, 2009 WL 454653, *5 (D. Haw. Feb. 23, 2009) (Kurren, Mag. J.); Valvanis v. Milgroom, 2008 WL 2164652, *6 n.13 (D. Haw. May 22, 2008) (Seabright, J.).  The June 22, 2010, Verified Complaint filed by

Plaintiffs Muriel B. Seto, Friends of He`eia State Park, Hui Malama `Aina O Laie, and Dawn K. Wasson, and the ten motions for temporary restraining order filed the same day and attempted to be incorporated therein by reference, essentially ask this judge to go on a truffle hunt in a vast field.  There may well be something worth finding in the lengthy and bewildering Verified Complaint, but any such treasure is nearly impossible to find in that lengthy and unclear document.

Given the nature of the Verified Complaint, it may be the subject of a successful motion to strike.  The court cannot fathom how any Defendant could possibly file an answer to the Verified Complaint.  It is certainly not "a short and plain statement of the claim showing that the pleader is entitled to relief."  See Fed. R. Civ. P. 8(a)(2).  Accordingly, the court sua sponte continues the date on which Defendants must file their answers or motions to dismiss the Verified Complaint.  Because the parties and this court must focus on the multiple motions for temporary restraining order, the court relieves Defendants of the extreme burden of attempting to answer the Verified Complaint or seek its dismissal until the court determines whether it should be stricken.  Any Defendant may move to strike the Verified Complaint no later than July 30, 2010.  If any Defendant files such a motion, the date on which Defendants must file answers or motions to dismiss will be set in the order addressing the motion

to strike.  If no motion to strike is filed by that date, the parties shall file answers or motions to dismiss by August 20, 2010.  Plaintiffs may, of course, voluntarily moot out this portion of this order by voluntarily filing an amended complaint within the period in which they may do so as of right.

Any amended complaint must comply with Rule 8(a)(2), as well as Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  This means that any amended complaint must be a short and plain statement of the claim demonstrating an entitlement to relief.  The amended complaint should allege the essential facts in sequentially numbered paragraphs and may not incorporate by reference any other document filed by Plaintiffs.  Thus, it may not incorporate the original complaint or any motion.  Any amended complaint should then assert claims that clearly refer to the factual and legal bases of the claims.  Rather than asserting that some unidentified conduct on the part of Defendants violated some uncited provision of a large federal act, Plaintiffs should describe any asserted violation with detail sufficient to allow the court and Defendants to identify the bases of each claim.  More than mere conclusions must be alleged.

If Plaintiffs file an amended complaint, they need not refile the exhibits attached to the Verified Complaint.  If Plaintiffs desire, the court will deem those Exhibits to be

attached to the amended complaint. The court will also deem the motions for temporary restraining order and preliminary injunction to apply to the amended complaint. The currently scheduled July 12, 2010, hearing on the motions for temporary restraining order will not be continued based on the filing of an amended complaint so long as the amended complaint is filed no later than noon on June 29, 2010.

II.        THE NINTH CAUSE OF ACTION IS DISMISSED.

The Ninth Cause of Action asserts that Defendants violated the Kaneohe Bay Master Plan and the National Historic Preservation Act. The Ninth Cause of Action explains that these alleged violations are detailed in Motion for Temporary Restraining Order No. 9 (June 22, 2010) (Docket No. 12), which the Verified Complaint confusingly attempts to incorporate by reference. Because Plaintiffs lack standing to assert the claims set forth in the Ninth Cause of Action, that claim is dismissed.

Although the court has been asked to address multiple motions for temporary restraining orders, the initial inquiry for the court is whether it has jurisdiction over the matters raised by Plaintiffs. Any jurisdictional inquiry begins with Article III, section 2, of the Constitution, which confines federal courts to deciding cases or controversies. To qualify for adjudication by a federal court, a plaintiff must show that an actual controversy exists at all stages of the case. Arizonans

for Official English v. Arizona, 520 U.S. 43, 63 (1997).  No case or controversy exists if a plaintiff lacks standing to make the claims asserted.  See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) (stating that standing pertains to a federal court's subject matter jurisdiction).  As they are the parties invoking federal jurisdiction, Plaintiffs have the burden of establishing their entitlement to sue.  See San Diego County Gun Rights Comm. v. Reno, 98 F.3d 1121, 1126 (9th Cir. 1996).

To have standing to maintain a claim, Plaintiffs must demonstrate: 1) an injury in fact--an invasion of a legally protected interest that is concrete and particularized, as well as actual or imminent, not conjectural or hypothetical; 2) a causal relationship between the injury and the challenged conduct--an injury that is fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and 3) a likelihood, not mere speculation, that the injury will be redressed by a favorable decision.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Reno, 98 F.3d at 1126.

The Motion for Temporary Restraining Order No. 9 argues that Marine Corps Base Hawaii Kaneohe Bay should have been notified of the lease.  Plaintiffs reason that, because Marine Corps Base Hawaii Kaneohe Bay participated in the formation of the master plan, it should have been notified of the lease, which

Plaintiffs say violates that master plan.  Plaintiffs attach portions of the master plan as Exhibit 30.  However, Plaintiffs did not cite the exact provision (and the court found no such provision) requiring such notice.  Even if the master plan required such notice, Plaintiffs have not alleged or explained how they have standing to assert the rights they claim belong to Marine Corps Base Hawaii Kaneohe Bay.  See Warth v. Seldin, 422 U.S. 490, 499 (1975) ("The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally.  A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action." (quotation and citation omitted)).  Accordingly, to the extent the Ninth Cause of Action seeks to enforce the rights of Marine Corps Base Hawaii Kaneohe Bay, it is dismissed based on Plaintiffs' lack of standing to assert that claim.

Plaintiffs have similarly failed to explain why they should be allowed to assert the rights of the owners of the He`eia Fishpond in the Ninth Cause of Action.  To the extent Plaintiffs claim that the lease will harm those owners' efforts to restore and maintain the fishpond, Plaintiffs have not demonstrated that they have standing to assert such a claim on behalf of those owners.  Id.

The Ninth Cause of Action also does not clearly identify the factual or legal bases of its assertion that Defendants violated the National Historic Preservation Act when they failed to notice or assess the lease's impact on He`eia Fishpond, located next to He`eia State Park.  It appears that Plaintiffs are alleging that the fish pond is on the National Register of Historic Places.  However, Plaintiffs do not further explain or allege how they have been injured under the National Historic Preservation Act.  Plaintiffs allege in a conclusory fashion that certain notices and assessments were required, but it is unclear what notices and assessments were necessary and what authority required such notices and assessments.  The Verified Complaint therefore fails to sufficiently allege an injury for standing purposes.  Accordingly, the Ninth Cause of Action is dismissed to the extent it asserts claims related to the He`eia Fishpond and the National Historic Preservation Act.  See Lujan, 504 U.S. at 560-61; Reno, 98 F.3d at 1126.  Plaintiffs have a right, of course, to amend their Verified Complaint to state a valid cause of action concerning the He`eia Fishpond and the National Historic Preservation Act.

III.     BECAUSE THE NINTH CAUSE OF ACTION HAS BEEN DISMISSED, THE NINTH MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION IS DENIED AS MOOT.

Plaintiffs Motion for Temporary Restraining Order and Preliminary Injunction No. 9 (Docket No. 12) is based on the

Ninth Cause of Action asserted in the Verified Complaint. Because the Ninth Cause of Action has been dismissed, the Motion for Temporary Restraining Order and Preliminary Injunction No. 9 is denied as moot.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, June 25, 2010.



    /s/ Susan Oki Mollway
    Susan Oki Mollway
    United States District Judge

Seto v. Thielen, et al.; Civil No. 10-00351 SOM/BMK; ORDER EXTENDING TIME TO ANSWER COMPLAINT OR FILE MOTION TO DISMISS; ORDER DISMISSING NINTH CAUSE OF ACTION; ORDER DENYING AS MOOT NINTH MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION NO. 9 (DOCKET NO. 12)