IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MURIEL B. SETO; <br> FRIENDS OF HE`EIA STATE PARK; <br> HUI MALAMA `AINA O LAIE; <br> DAWN K. WASSON; et al., <br><br>              Plaintiffs, <br><br>       vs. <br><br> LAURA THIELEN; <br> LINDA LINGLE; <br> DANIEL QUINN; <br> STEVEN THOMPSON;; <br> CURT COTTRELL; <br> RAYMOND SANBORN; <br> KAMA`AINA CARE INCORPORATED; <br> et al. <br><br>              Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL NO. 10-00351 SOM-BMK <br><br> ORDER DENYING MOTION FOR <br> TEMPORARY RESTRAINING ORDER <br> NO. 4 (RELIGIOUS FREEDOM <br> RESTORATION ACT) (DOCKET <br> NO. 7) |

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER NO. 4
(RELIGIOUS FREEDOM RESTORATION ACT) (DOCKET NO. 7)

I.     INTRODUCTION.

Plaintiffs Hui Malama `Aina O Laie and Dawn K. Wasson seek a temporary restraining order and a preliminary injunction enjoining various state actors from recording or implementing a 25-year lease to "manage and operate an interpretive/education center, grounds and facilities at He`eia State Park on Oahu." Until recently, Plaintiff Friends of He`eia State Park was the previous lessee.  Plaintiff Friends of He`eia State Park was an unsuccessful applicant in the latest application process for the lease.  Hui Malama and Wasson assert that the 25-year lease issued by various State of Hawaii Defendants to Defendant

Kama`aina Care Incorporated violates the rights of Hui Malama and Wasson under the Religious Freedom Restoration Act of 1993 ("RFRA").  Because RFRA is inapplicable to state actors, Hui Malama and Wasson fail to demonstrate any likelihood of success on the merits of their RFRA claim.  Accordingly, their Motion for Temporary Restraining Order and Preliminary Injunction No. 4 (Docket No. 7) is denied without a hearing pursuant to Local Rule 7.2(d).

The court notes that, at the July 12, 2010, hearing on the remaining motions for injunctive relief, the court will address only the portions of Plaintiffs' motions requesting temporary injunctive relief.  The court intends to discuss scheduling of the preliminary injunctive relief motions at the July 12, 2010, hearing, after receiving input from the parties about discovery and possible preliminary injunction witnesses who may testify before the court.

II.     TEMPORARY RESTRAINING ORDER STANDARD.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  See G. v. State of Haw., Dep't of Human Servs., 2009 WL 2877597 (D. Haw. Sept. 4, 2009); Schoenlein v. Halawa Corr. Facility, 2008 WL 2437744 (D. Haw. June 13, 2008).

The Supreme Court has cautioned that a "preliminary injunction is an extraordinary and drastic remedy never awarded

as of right." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 376 (2008) (citing Munaf v. Geren, 128 S. Ct. 2207, 2219 (2008)). Courts balance the competing claims of injury and consider the effect on each party of granting or denying the injunction. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 129 S. Ct. at 374; accord Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009) ("Under Winter, plaintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest.").

III.    BACKGROUND.

Plaintiff Dawn K. Wasson lives in Hawaii and is president of Plaintiff Hui Malama `Aina O Laie, a nonprofit organization that works with native Hawaiian Kuleana land owners. See Declaration of Dawn K. Wasson ¶¶ 1-2 (May 19, 2010).

He`eia State Park is approximately 18 acres. See Declaration of Carole McLean ¶ 29 (June 3, 2010). There are apparently religious and cultural sites located within He`eia

State Park, but these religious sites are not particularly described in the record.  Wasson says that she has continually used a He`eia religious site since she was a small child "for her cultural and religious practices."  Id. ¶ 3.  Wasson claims that her religious freedom is being burdened by the 25-year lease issued by the State of Hawaii to Kama`aina Care, but she does not describe how it is so burdened.  She does not, for example, say that she will not be allowed to visit any traditional religious or cultural site located in He`eia State Park.  At most, she speculatively concludes that Kama`aina Care's use of the park as a child care center "will create a substantial burden restricting Religious Freedom by government in violation of the 1993 Religious Restoration Act."  Id. ¶ 6.

IV.      ANALYSIS.

On June 22, 2010, Hui Malama and Wasson filed the present motion to enjoin the recording and implementation of a 25-year lease to "manage and operate an interpretive/education center, grounds and facilities at He`eia State Park on Oahu."  In this fourth motion, Hui Malama and Wasson allege violations of the Religious Freedom Restoration Act of 1993 ("RFRA").  Plaintiffs claim that the state lease to Kama`aina Care substantially burdens their ability to practice their religion in violation of RFRA and seek injunctive relief for those alleged violations.

4

Congress enacted RFRA to "prohibit[] the Federal Government from substantially burdening a person's exercise of religion, unless the Government 'demonstrates that application of the burden to the person' represents the least restrictive means of advancing a compelling interest." Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418, 423-24 (2006) (quoting 42 U.S.C. § 2000bb-1(b)).  Under RFRA, "the Federal Government may not, as a statutory matter, substantially burden a person's exercise of religion, 'even if the burden results from a rule of general applicability.'" Id. (quoting 42 U.S.C. § 2000bb-1(a)).  The only exception recognized by the act arises when the Government satisfies a "compelling interest test."  That is, the Government must "'demonstrat[e] that application of the burden to the person--(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.'" Id. (quoting 42 U.S.C. § 2000bb-1(b)).

A person whose religious practices are burdened in violation of RFRA "may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief." Id. (quoting 42 U.S.C. § 2000bb-1(c)).  The Ninth Circuit has held that, to establish a prima facie violation of RFRA, a plaintiff must present evidence sufficient to allow a trier of fact to rationally find that the activities the plaintiff claims

5

are burdened by the federal government action are an "exercise of religion" and that the federal government action "substantially burdens" the plaintiff's exercise of religion.  Navajo Nation v. United States Forest Serv., 535 F.3d 1058, 1068 (9th Cir. 2008). A "substantial burden" occurs "only when individuals are forced to choose between following the tenets of their religion and receiving a governmental benefit . . . or coerced to act contrary to their religious beliefs by the threat of civil or criminal sanctions." Id. at 1069-70.

Although RFRA originally applied to states as well as the federal government, the Supreme Court has held that RFRA's application to states is beyond the legislative authority Congress has. See Gonzales, 546 U.S. at 424 n.1 (2006) (citing City of Boerne v. Flores, 521 U.S. 507 (1997)); Cutter v. Wilkinson, 544 U.S. 709, 715 (2005) ("In City of Boerne, this Court invalidated RFRA as applied to States and their subdivisions, holding that the Act exceeded Congress' remedial powers under the Fourteenth Amendment.").  Because RFRA is inapplicable to states, Hui Malama's and Wasson's claims that various State of Hawaii actors violated their RFRA rights by issuing a lease to Kama`aina Care is not persuasive.  Because no federal action is alleged to have violated RFRA rights in this case, Motion for Temporary Restraining Order and Preliminary Injunction No. 4 (Docket No. 7) is denied.

In denying the fourth motion for injunctive relief in its entirety, the court views its deficiencies as akin to a failure to state a claim, rather than a failure to satisfy jurisdictional requirements.  Accordingly, in contrast to the court's dismissal of the claims underlying Motion for Temporary Restraining Order and Preliminary Injunction No. 9, the court does not dismiss the Fourth Cause of Action, leaving the final adjudication of the RFRA claim for a later date.

V.      CONCLUSION.

Because RFRA is inapplicable to states, Hui Malama and Wasson's assertions that various state Defendants violated RFRA by issuing a lease to Kama`aina Care are not persuasive.  Because no likelihood of success on the merits has been demonstrated, Motion for Temporary Restraining Order and Preliminary Injunction No. 4 (Docket No. 7) is denied.

This order leaves for further adjudication Plaintiffs' motions for injunctive relief numbered 1-3, 5-8, and 10, and all causes of action except Cause of Action Number 9.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 25, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Seto v. Thielen, et al.; Civil No. 10-00351 SOM/BMK; ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER NO. 4 (RELIGIOUS FREEDOM RESTORATION ACT) (DOCKET NO. 7)