IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MURIEL B. SETO;  )<br>FRIENDS OF HE`EIA STATE PARK; )<br>HUI MALAMA `AINA O LAIE;   )<br>DAWN K. WASSON; <u>et al.</u>,   )<br>                            )<br>          Plaintiffs,      )<br>                            )<br>     vs.                    )<br>                            )<br>LAURA THIELEN;              )<br>LINDA LINGLE;               )<br>DANIEL QUINN;               )<br>STEVEN THOMPSON;            )<br>CURT COTTRELL;              )<br>RAYMOND SANBORN;            )<br>KAMA`AINA CARE INCORPORATED; )<br><u>et al.</u>                    )<br>                            )<br>          Defendants.      )<br>_____ ) | CIVIL NO. 10-00351 SOM-BMK<br><br>ORDER DENYING MOTION FOR<br>TEMPORARY RESTRAINING ORDER<br>NO. 10 (CHALLENGING KAMA`AINA<br>CARE'S TAX EXEMPT STATUS)<br>(DOCKET NO. 13) |

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER NO. 10
(CHALLENGING KAMA`AINA CARE'S TAX EXEMPT STATUS) (DOCKET NO. 13)

I.      INTRODUCTION.

Plaintiffs seek a temporary restraining order and a preliminary injunction enjoining various state actors from recording or implementing a 25-year lease to "manage and operate an interpretive/education center, grounds and facilities at He`eia State Park on Oahu." Until recently, Plaintiff Friends of He`eia State Park was the lessee, but it was unsuccessful in seeking a new lease term. Plaintiffs assert that the new 25-year lease was improperly issued by various State of Hawaii Defendants to Defendant Kama`aina Care Incorporated. Plaintiffs claim that Kama`aina Care was ineligible because its tax-exempt status is

suspect.  Plaintiffs assert an unidentified violation of § 1983, arguing that various state defendants failed to properly ensure that Kama`aina Care was a qualified applicant for the lease.

Because Plaintiffs fail to identify any federal constitutional or statutory right allegedly violated by awarding the lease to Kama`aina Care, Plaintiffs show no likelihood of success on the merits and Motion for Temporary Restraining Order and Preliminary Injunction No. 10 (Docket No. 13) is therefore denied without a hearing pursuant to Local Rule 7.2(d).

II.        TEMPORARY RESTRAINING ORDER STANDARD.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  See G. v. State of Haw., Dep't of Human Servs., 2009 WL 2877597 (D. Haw. Sept. 4, 2009); Schoenlein v. Halawa Corr. Facility, 2008 WL 2437744 (D. Haw. June 13, 2008).

The Supreme Court has cautioned that a "preliminary injunction is an extraordinary and drastic remedy never awarded as of right."  Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 376 (2008) (citing Munaf v. Geren, 128 S. Ct. 2207, 2219 (2008)).  Courts balance the competing claims of injury and consider the effect on each party of granting or denying the injunction.  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 129 S. Ct. at 374; accord Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009) ("Under Winter, plaintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest.").

III.    BACKGROUND.

Plaintiff Friends of He`eia State Park was an unsuccessful applicant for a lease "to manage and operate an interpretive/education center, grounds and facilities at Heeia State Park on Oahu." See Ex. 18 at 2 (Notice to Interested Parties). Plaintiffs assert that Kama`aina Care, the successful applicant for that lease, was not qualified to apply for and be awarded the lease.

The Request for Proposal for the lease asked for "proposals from qualified eleemosynary parties." See Ex. 18 at 2 (Notice to Interested Parties); see also Haw. Rev. Stat. § 171-43.1 (allowing the lease of "sites for youth athletic and/or educational activities in a state park area" to "eleemosynary" organizations).

Plaintiffs claim that Kama`aina Care is not a qualified eleemosynary organization because it is not entitled to tax-exempt status.  Plaintiffs allege that Kama`aina Care improperly made large profits without paying taxes, paid its officers too much, and awarded a food contract to a board member.

It is not at all clear whether Plaintiffs, as an unsuccessful applicant for the lease, followed the protest provisions contained in the Request for Proposal.  See Ex. 18 at 9; see also Haw. Rev. Stat. § 103D-701.

IV.     ANALYSIS.

A plaintiff who asks this court for injunctive relief has the burden of showing why he or she is entitled to the relief requested.  The Supreme Court has recognized this burden, stating that such a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter, 129 S. Ct. at 374; accord Sierra Forest Legacy, 577 F.3d at 1021.  A plaintiff who simply alleges a few facts and claims an unidentified violation of § 1983, without more, fails to satisfy this burden.

In Motion for Temporary Restraining Order and Preliminary Injunction No. 10 (Docket No. 13), Plaintiffs claim a violation of § 1983.  That federal statute states:

>     Every person who, under color of any statute,
>     ordinance, regulation, custom, or usage, of
>     any State or Territory or the District of
>     Columbia, subjects, or causes to be
>     subjected, any citizen of the United States
>     or other person within the jurisdiction
>     thereof to the deprivation of any rights,
>     privileges, or immunities secured by the
>     Constitution and laws, shall be liable to the
>     party injured in an action at law, suit in
>     equity, or other proper proceeding for
>     redress, except that in any action brought
>     against a judicial officer for an act or
>     omission taken in such officer's judicial
>     capacity, injunctive relief shall not be
>     granted unless a declaratory decree was
>     violated or declaratory relief was
>     unavailable. For the purposes of this
>     section, any Act of Congress applicable
>     exclusively to the District of Columbia shall
>     be considered to be a statute of the District
>     of Columbia.

42 U.S.C. § 1983. "Section 1983 imposes two essential proof requirements upon a claimant: 1) that a person acting under color of state law committed the conduct at issue, and 2) that the conduct deprived the claimant of some right, privilege or immunity protected by the Constitution or laws of the United States." Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988).

Plaintiffs do not identify what federal constitutional or statutory violation gives rise to their § 1983 claim. It is not the court's place to identify such rights for Plaintiffs, especially when they are represented by counsel. Because Plaintiffs do not identify and discuss any federal constitutional or statutory violation, they fail to demonstrate any likelihood of success on the merits. Plaintiffs are seeking expedited

injunctive relief without any discussion of how and why they are entitled to that relief.  The court therefore denies Motion for Temporary Restraining Order and Preliminary Injunction No. 10 (Docket No. 13).

The Request for Proposal and Hawaii law provide a mechanism for challenging the award of the lease.  See Ex. 18 at 9; Haw. Rev. Stat. § 103D-701.  Plaintiffs do not claim to have followed that protest procedure.  This court will not scour the record, looking for facts on this issue.  Cf. Simmons v. Navajo County, Ariz., __ F.3d __, 2010 WL 2509181 (9th Cir. June 23, 2010) (a district court has no independent duty to scour the record in search of a genuine issue of triable fact).  If Plaintiffs are arguing that various State Defendants violated section 103D-701, they should make that argument clear.  At the very least, a movant should state the basis of any alleged violation.

Plaintiffs may file another motion seeking injunctive relief based on their claim that Kama`aina Care was not qualified to be awarded the lease.  Any such motion should "connect the dots."  That is, Plaintiffs should describe with sufficient particularity the facts and law demonstrating entitlement to injunctive relief.  Plaintiffs may not incorporate by reference any document or argument previously submitted or made.

V.       CONCLUSION.

Because no likelihood of success on the merits has been demonstrated, Motion for Temporary Restraining Order and Preliminary Injunction No. 10 (Docket No. 13) is denied.

This order leaves for further adjudication Plaintiffs' motions for injunctive relief numbered 1-3 and 5-8, and all causes of action except Cause of Action Number 9.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 28, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Seto v. Thielen, et al.; Civil No. 10-00351 SOM/BMK; ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER NO. 10 (CHALLENGING KAMA`AINA CARE'S TAX EXEMPT STATUS) (DOCKET NO. 13)