IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MURIEL B. SETO; | ) | CIVIL NO. 10-00351 SOM-BMK |
| FRIENDS OF HE`EIA STATE PARK; | ) | |
| HUI MALAMA `AINA O LAIE; | ) | ORDER DENYING MOTIONS FOR |
| DAWN K. WASSON; et al., | ) | TEMPORARY RESTRAINING ORDER |
| | ) | NOS. 5, 6, AND 7 (SEEKING |
| Plaintiffs, | ) | INJUNCTIONS UNDER |
| | ) | ENVIRONMENTAL LAWS) (DOCKET |
| vs. | ) | NOS. 8, 9, AND 10) |
| | ) | |
| LAURA THIELEN; | ) | |
| LINDA LINGLE; | ) | |
| DANIEL QUINN; | ) | |
| STEVEN THOMPSON; | ) | |
| CURT COTTRELL; | ) | |
| RAYMOND SANBORN; | ) | |
| KAMA`AINA CARE INCORPORATED; | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING
ORDER NOS. 5, 6, AND 7
(SEEKING INJUNCTIONS UNDER ENVIRONMENTAL LAWS)
(DOCKET NOS. 8, 9, AND 10)

I.      INTRODUCTION.

        Plaintiff Friends of He`eia State Park is a disgruntled

former lessee of an interpretive/education center, grounds and

facilities at He`eia State Park.  When Defendant Kama`aina Care

Incorporated was awarded the new, 25-year lease, Plaintiffs filed

suit.  In relevant part, Plaintiffs claim that there is a septic

system in He`eia State Park that is currently leaching human

waste into Kaneohe Bay in violation of the Clean Water Act

(Motion No. 5), the Coastal Zone Management Act (Motion No. 6),

and the Endangered Species Act (Motion No. 7).  Plaintiffs assert

that Kama`aina Care's use of the park will increase use of the
toilets at the park, possibly increasing the release of human
waste into Kaneohe Bay.

Rather than seeking to enjoin the alleged discharge of
human waste into Kaneohe Bay, Plaintiffs seek a temporary
restraining order and a preliminary injunction enjoining the
recording[1] and implementation of the lease to "manage and operate
an interpretive/education center, grounds and facilities at
He`eia State Park on Oahu."  In other words, Plaintiffs request
that this court enjoin Kama`aina Care's entire operation at the
park because of the potential that a septic system is leaking raw
sewage into the waters of Kaneohe Bay.  This court declines to
issue such an overbroad injunction, especially because, as
Plaintiffs concede, other septic systems exist in the park that
might allow Kama`aina Care to operate.  <u>See</u> Motion for Temporary
Restraining Order and Preliminary Injunction No. 5 at 10 n.4.
The Motions for Temporary Restraining Order and Preliminary
Injunction Nos. 5, 6, and 7 are therefore denied without a
hearing pursuant to Local Rule 7.2(d).  Plaintiffs may, of
course, seek injunctive relief via a new motion that properly
tailors the relief requested to the alleged violations, putting

---

[1]In a scheduling discussion the court had with counsel,
Defendants stated that the lease was already recorded.

2

Defendants on notice of the possible scope of the injunctive
relief requested.

II.        TEMPORARY RESTRAINING ORDER STANDARD.

The standard for issuing a temporary restraining order
is identical to the standard for issuing a preliminary
injunction.  See G. v. State of Haw., Dep't of Human Servs., 2009
WL 2877597 (D. Haw. Sept. 4, 2009); Schoenlein v. Halawa Corr.
Facility, 2008 WL 2437744 (D. Haw. June 13, 2008).

The Supreme Court has cautioned that a "preliminary
injunction is an extraordinary and drastic remedy never awarded
as of right." Winter v. Natural Res. Def. Council, Inc., 129 S.
Ct. 365, 376 (2008) (citing Munaf v. Geren, 128 S. Ct. 2207, 2219
(2008)).  Courts balance the competing claims of injury and
consider the effect on each party of granting or denying the
injunction.  "A plaintiff seeking a preliminary injunction must
establish that he is likely to succeed on the merits, that he is
likely to suffer irreparable harm in the absence of preliminary
relief, that the balance of equities tips in his favor, and that
an injunction is in the public interest." Winter, 129 S. Ct. at
374; accord Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th
Cir. 2009) ("Under Winter, plaintiffs seeking a preliminary
injunction must establish that (1) they are likely to succeed on
the merits; (2) they are likely to suffer irreparable harm in the
absence of preliminary relief; (3) the balance of equities tips

in their favor; and (4) a preliminary injunction is in the public
interest.").

III.     BACKGROUND.

        Plaintiff Friends of He`eia State Park was an
unsuccessful applicant for a lease "to manage and operate an
interpretive/education center, grounds and facilities at Heeia
State Park on Oahu."  See Ex. 18 at 2 (Notice to Interested
Parties).  Plaintiffs claim that untreated sewage is being
discharged into the waters of Kaneohe Bay.  See Declaration of
Carole McLean ¶ 9 (June 3, 2010).  Plaintiffs say that a
defective septic system exists on park property, requiring weekly
tank truck removal of the sewage from the septic system.  Id.
¶ 13.  Plaintiffs are allegedly concerned that Kama`aina Care's
use of park property will increase the use of the toilets,
putting a greater strain on the allegedly defective septic system
and possibly releasing even more sewage into Kaneohe Bay.  Id. at
14.

IV.      ANALYSIS.

        Plaintiffs claim that the ongoing discharge of raw
sewage from one of He`eia State Park's septic systems into
Kaneohe Bay violates the Clean Water Act (Motion No. 5), the
Coastal Zone Management Act (Motion No. 6), and the Endangered
Species Act (Motion No. 7).  Plaintiffs assert that Kama`aina
Care's use of the park will increase the use of the toilets

4

attached to the allegedly broken septic system, possibly causing an increase of human waste to be released into Kaneohe Bay.

Putting aside Plaintiffs' failure to show that raw sewage is actually being discharged into Kaneohe Bay (Carole McLean does not describe how she has personal knowledge of such alleged discharges) and Plaintiffs' speculation that the sewage discharge will be increased by Kama`aina Care's use of the property (Plaintiffs say that the state is already using a tanker truck to haul away the sewage), the requested injunction is simply overbroad.  Plaintiffs have asked this court to enjoin the recording and implementation of the lease to Kama`aina Care.  In other words, Plaintiffs ask this court to prevent Kama`aina Care from asserting any right granted it by the lease because one of the park's existing septic systems may not be functioning properly.  It cannot be doubted that the release of raw sewage into Kaneohe Bay is a very important issue.  But any such release would not justify shutting down Kama`aina Care's entire use of He`eia State Park.  The relief requested simply does not fit the alleged violations.

Plaintiffs assert that the release of raw sewage into Kaneohe Bay violates the Clean Water Act, the Coastal Zone Management Act, and the Endangered Species Act.  The Clean Water Act is concerned with water pollution and requires that persons discharging pollution into the navigable waters of the United

5

States have a permit to do so.  See N.W. Environ. Advocates v. E.P.A., 537 F.3d 1006, 1010 (9th Cir. 2008) (the Clean Water Act prohibits the discharge of any pollutant from a point source into navigable waters of the United States without an NPDES permit"); 33 U.S.C. § 1311.  The Coastal Zone Management Act, 16 U.S.C. §§ 1451-65, seeks to encourage states with coastlines to develop and implement coastal zone management plans that preserve, protect, develop, and, where possible, restore and enhance the coastal zones.  See 16 U.S.C. § 1452(1).  The Endangered Species Act, 16 U.S.C. §§ 1531-44, was enacted to ensure the protection and conservation of threatened and endangered species. Environmental Defense Ctr. v. Babbitt, 73 F.3d 867, 869 (9th Cir. 1995); see also 16 U.S.C. § 1531(b).  Even assuming violations of these environmental laws, the requested injunction that essentially seeks to enjoin all of Kama`aina Care's use of He`eia State Park is extremely overbroad.  Given Plaintiffs' allegation that the septic system is currently leaking raw sewage into Kaneohe Bay, the requested injunction would not necessarily prevent irreparable harm to Plaintiffs, as the leaking of the raw sewage would continue with or without Kama`aina Cares presence at the park.  Under these circumstances, the court declines to issue the requested injunction.

        This court is certainly not holding that an injunction will never issue for violations of environmental statutes.

Instead, the court denies Plaintiffs relief unrelated to the alleged violations.

Accordingly, to the extent Plaintiffs seek to enjoin the implementation of the 25-year lease to Kama`aina Care based on alleged violations of the Clean Water Act (Motion No. 5), the Coastal Zone Management Act (Motion No. 6), and the Endangered Species Act (Motion No. 7), the motions are denied.  Plaintiffs may refile motions for injunctive relief based on those environmental laws, but any such motion should tailor the relief requested to appropriate relief for the alleged violation.  The motion should describe with particularity the exact provision of the environmental law(s) allegedly being violated.  Any such new motion must stand on its own.  Plaintiffs may not incorporate by reference facts and arguments previously made.

V.      CONCLUSION.

Because the requested injunction would not prevent irreparable harm or cure the alleged violations of the Clean Water Act, the Coastal Zone Management Act, and/or the Endangered Species Act, the Motions for Temporary Restraining Order and Preliminary Injunction Nos. 5, 6, and 7 (Docket Nos. 8, 9, and 10) are denied.

This order leaves for further adjudication Plaintiffs' motions for injunctive relief numbered 1-3 and 8, and all causes of action except Cause of Action Number 9.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 28, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge


Seto v. Thielen, et al.; Civil No. 10-00351 SOM/BMK; ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER NOS. 5, 6, AND 7 (SEEKING INJUNCTIONS UNDER ENVIRONMENTAL LAWS) (DOCKET NOS. 8, 9, AND 10)