IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MURIEL B. SETO;                    )   CIVIL NO. 10-00351 SOM-BMK
FRIENDS OF HE`EIA STATE PARK;      )
HUI MALAMA `AINA O LAIE;           )   ORDER DENYING MOTION FOR
DAWN K. WASSON; et al.,            )   TEMPORARY RESTRAINING ORDER
                                   )   NO. 2 (RE. LAND & WATER
            Plaintiffs,            )   CONSERVATION FUND ACT AND)
                                   )   (DOCKET NO. 5) AND NO. 3 (RE.
         vs.                       )   NATIONAL HISTORIC
                                   )   PRESERVATION ACT) (DOCKET
LAURA THIELEN;                     )   NO. 6)
LINDA LINGLE;                      )
DANIEL QUINN;                      )
STEVEN THOMPSON;                   )
CURT COTTRELL;                     )
RAYMOND SANBORN;                   )
KAMA`AINA CARE INCORPORATED;       )
et al.                             )
                                   )
            Defendants.            )
_____    )


ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER NO. 2 (RE.
LAND & WATER CONSERVATION FUND ACT AND) (DOCKET NO. 5) AND NO. 3
      (RE. NATIONAL HISTORIC PRESERVATION ACT) (DOCKET NO. 6)

I.        INTRODUCTION.

          Plaintiffs seek a temporary restraining order and a

preliminary injunction enjoining various state actors from

recording or implementing a 25-year lease to "manage and operate

an interpretive/education center, grounds and facilities at

He`eia State Park on Oahu."  Plaintiffs argue that the lease

violates the Land and Water Conservation Fund Act of 1964, 16

U.S.C. §§ 460$l$-4 to 460$l$-11, and unidentified portions of the

National Historic Preservation Act, 16 U.S.C. §§ 470 to 470$x$-6.

Because Plaintiffs fail to show any likelihood of success on the

merits, Motion for Temporary Restraining Order and Preliminary

Injunction Nos. 2 and 3 (Docket Nos. 5 and 6) are denied without a hearing pursuant to Local Rule 7.2(d).

II.      TEMPORARY RESTRAINING ORDER STANDARD.

        The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  See G. v. State of Haw., Dep't of Human Servs., 2009 WL 2877597 (D. Haw. Sept. 4, 2009); Schoenlein v. Halawa Corr. Facility, 2008 WL 2437744 (D. Haw. June 13, 2008).

        The Supreme Court has cautioned that a "preliminary injunction is an extraordinary and drastic remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 376 (2008) (citing Munaf v. Geren, 128 S. Ct. 2207, 2219 (2008)).  Courts balance the competing claims of injury and consider the effect on each party of granting or denying the injunction.  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 129 S. Ct. at 374; accord Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009) ("Under Winter, plaintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips

2

in their favor; and (4) a preliminary injunction is in the public interest.").

III.      BACKGROUND.

        Plaintiff Friends of He`eia State Park was an unsuccessful applicant for a lease "to manage and operate an interpretive/education center, grounds and facilities at Heeia State Park on Oahu."  Under the terms of that lease, Kama`aina Care is being leased "the interpretive/education center to conduct certain commercial activities such as the operation of a visitor center/exhibit hall and its rental for banquets, parties, meetings, etc. to supplement the cost of operating free and/or reduced cost educational programs and the cost to manage the park grounds and facilities."  See Ex. 18 (incorporated into the lease (see Ex. 7 at 1)).  Plaintiffs are upset that the lease was awarded to Defendant Kama`aina Care Incorporated.  Plaintiffs filed this action, hoping to stop Kama`aina Care from performing activities at He`eia State Park that are permitted by its lease.

        Notwithstanding a provision in the lease requiring He`eia State Park "to be managed as a public park for the continued free enjoyment of the general public for recreational purposes and cultural practices . . . , subject to reasonable time limits and conditions," see Lease at 12 (Attached to Verified Complaint as Ex. 7), Plaintiffs baldly conclude that the lease privatizes the park.  Plaintiffs say that the park was paid

3

for, at least in part, from the Land & Water Conservation Fund.
See Ex. 25 (a copy of a sign at the park).  Plaintiffs contend
that Kama`aina Care's educational programs will necessarily
prevent the public from using He`eia State Park.

IV.      ANALYSIS.

      A.   Motion for Temporary Restraining Order and
          Preliminary Injunction No. 2 is Denied.

The Land and Water Conservation Fund Act of 1964, 16
U.S.C. §§ 460*l*-4 to 460*l*-11, seeks to ensure adequate outdoor
recreation resources.  See 16 U.S.C. § 460*l*.  To that end, the
Secretary of the Interior is authorized to provide financial
assistance to states.  See 16 U.S.C. § 460*l*-8(a).  Once property
is acquired or developed with this financial assistance, the
property may not generally "be converted to other than public
outdoor recreation uses."  See 16 U.S.C. § 460*l*-8(f)(3).  If
certain approvals and requirements are met, however, conversion
is possible.  See 36 C.F.R. § 59.3.

Plaintiffs contend that the lease to Kama`aina Care
essentially privatizes parts of He`eia State Park, a park
purchased with Land and Water Conservation Act funds.  The lease
itself requires the park to be maintained as a public park
subject only "to reasonable time limits and conditions."
Plaintiffs do not say that they have been excluded from the park,
arguing only that Kama`aina Care's intended use of the park will

4

necessarily exclude the public from those portions of the park that Kama`aina Care is using.

Under the arguments made in Motion for Temporary Restraining Order and Preliminary Injunction No. 2, Plaintiffs do not demonstrate that He`eia State Park has been "converted to other than public outdoor recreation uses" in violation of 16 U.S.C. § 460*l*-8(f)(3).  Their assertion that Kama`aina Care is "radically changing" the use of the park is insufficient to demonstrate that the nature of the park has actually been changed from public to private, especially given the specific lease term requiring the park to remain open to the public.  Under these circumstances, Plaintiffs fail to demonstrate a likelihood of success on the merits that would justify injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction.

> B.   Motion for Temporary Restraining Order and
>      Preliminary Injunction No. 3 is Denied.

Motion for Temporary Restraining Order and Preliminary Injunction No. 3 (Docket No. 6) is extremely confusing. Plaintiffs claim that, because He`eia State Park allegedly "has major Historical Preservation significance," the state should have conducted a "Historical Preservation assessment." Memorandum in Support of Motion at 5.  They therefore claim that the lease to Kama`aina Care Incorporated violates an unidentified

section of the National Historic Preservation Act, 16 U.S.C. §§ 470 to 470*x*-6.

Because Plaintiffs fail to cite or discuss any provision of law supporting their contention that the State of Hawaii must conduct a "Historical Preservation assessment" before allowing Kama`aina Care to lease portions of He`eia State Park, Plaintiffs fail to establish a likelihood of success on the merits of that claim that would justify injunctive relief.  <u>See Winter</u>, 129 S. Ct. at 374; <u>Sierra Forest Legacy</u>, 577 F.3d at 1021.  The court has attempted to review the National Historic Preservation Act, but has been unable to identify any part of that act supporting Plaintiffs' contentions.  Accordingly, Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction No. 3 (Docket No. 6) is denied.

V.      <u>CONCLUSION.</u>

Because no likelihood of success on the merits has been demonstrated, Motion for Temporary Restraining Order and Preliminary Injunction Nos. 2 and 3 (Docket Nos. 5 and 6) are denied.  Plaintiffs may, of course, file other motions seeking injunctive relief based on the Land and Water Conservation Fund Act of 1964 and/or the National Historic Preservation Act.  Any such motion should describe with sufficient particularity the facts and law demonstrating entitlement to injunctive relief.

Plaintiffs may not incorporate by reference any document or argument previously submitted or made.

This order leaves for further adjudication Plaintiffs' motions for injunctive relief numbered 1 and 8, and all causes of action except Cause of Action Number 9.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 28, 2010.



  /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Seto v. Thielen, et al.; Civil No. 10-00351 SOM/BMK; ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER NO. 2 (RE. LAND & WATER CONSERVATION FUND ACT AND) (DOCKET
NO. 5) AND NO. 3 (RE. NATIONAL HISTORIC PRESERVATION ACT) (DOCKET NO. 6)