IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MURIEL B. SETO;<br>FRIENDS OF HE\`EIA STATE PARK;<br>HUI MALAMA \`AINA O LAIE;<br>DAWN K. WASSON; <u>et al.</u>,<br><br>            Plaintiffs,<br><br>    vs.<br><br>LAURA THIELEN;<br>LINDA LINGLE;<br>DANIEL QUINN;<br>STEVEN THOMPSON;;<br>CURT COTTRELL;<br>RAYMOND SANBORN;<br>KAMA\`AINA CARE INCORPORATED;<br><u>et al.</u><br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 10-00351 SOM-BMK<br><br>ORDER DISMISSING PLAINTIFFS'<br>VERIFIED COMPLAINT |

<u>ORDER DISMISSING PLAINTIFFS' VERIFIED COMPLAINT</u>

I.      <u>INTRODUCTION.</u>

Before the court are motions to strike the Verified Complaint filed by different Defendants.  This court dismisses Plaintiffs' Verified Complaint, filed on June 22, 2010, giving Plaintiffs leave to file an Amended Complaint no later than October 8, 2010.  The Verified Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure, which mandates that a complaint provide a short and plain statement of the claims and demonstrate that the complaining party is entitled to relief.  Instead, the Verified Complaint is excessively lengthy (62 pages), disorganized, and unclear about what legal obligations Defendants allegedly violated.  As a result,

Defendants and this court are unable to discern the legal and factual bases for Plaintiffs' claims for relief.  Plaintiffs may amend their Verified Complaint to meet Rule 8's requirements.

II.     BACKGROUND.

On June 22, 2010, Plaintiffs Muriel B. Seto, Friends of He`eia State Park, Hui Malama `Aina O Laie, and Dawn K. Wasson filed a confusing and disorganized 62-page Verified Complaint against Defendants Laura Thielen, Linda Lingle, Daniel Quinn, Steven Thompson, Curt Cottrell, Raymond Sanborn, and Kama`aina Care Incorporated, asserting various federal and state constitutional violations, abuse of governmental authority, and violations of the Civil Rights Act, the Land and Water Conservation Fund Act, the Historical Preservation Act, the Religious Freedom Restoration Act, the Clean Water Act, Coastal Zone Management Act and state Special Management Area requirements, and the Endangered Species Act.  That same day, Plaintiffs also filed ten motions for temporary restraining orders and preliminary injunctions and said that their Verified Complaint incorporated these motions.  See, e.g., Compl. at 53 ("Plaintiffs . . . incorporates [sic] by reference and re-alleges the content of, the factual basis for and all exhibits, declarations and argument supporting Temporary Restraining Order and Request for Preliminary Injunction No. 1 as though fully set forth herein.").

On June 25, 2010, this court noted serious deficiencies in the Verified Complaint without taking action concerning the deficiencies. See Order Extending Time to Answer Complaint or File Motion to Dismiss; Order Dismissing Ninth Cause of Action; Order Denying as Moot Motion for Temporary Restraining Order and Preliminary Injunction No. 9 (Doc. 20) at 2-3.  As Plaintiffs have not amended their pleading, this court now addresses two defense motions to strike the Verified Complaint for failure to comply with Rule 8(a)(2) of the Federal Rules of Procedure.

III.     THE LEGAL STANDARD.

Rule 41(b) of the Federal Rules of Civil Procedure states, "If a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  While Defendants in this case moved to *strike* Plaintiffs' Verified Complaint under Rule 41(b), the court construes the motions to be motions to dismiss the Verified Complaint under Rule 41(b). Under Rule 41(b), a court may dismiss a complaint that does not comply with Rule 8, e.g., Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1129 (9th Cir. 2008), particularly when the court provides the plaintiff with "opportunities to comply [with Rule 8 and] specific instructions on how to correct the complaint." Id. at 1130 (citing McHenry v. Renne, 84 F.3d 1172, 1178-79 (9th Cir. 1996)).

3

IV.     ANALYSIS.

There being no timely opposition from Plaintiffs to the pending motions, Defendants' motions are granted without a hearing.  See LR 7.4 ("An opposition to a motion set for hearing shall be served and filed not less than twenty-one (21) days prior to the date of hearing."); LR 7.2(d) ("Unless specifically required, the court, in its discretion, may decide all matters, including motions, petitions, and appeals, without a hearing.").

### A. Plaintiffs' Verified Complaint Does Not Comply with Rule 8.

Plaintiffs' Verified Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P 8(a)(2).  "Each allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and a complaint "must contain sufficient factual matter, as accepted to be true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2004)).

On many occasions, the Ninth Circuit has held that courts may dismiss complaints for failure to comply with Rule 8.  In McHenry, 84 F.3d at 1177, for example, the court affirmed the dismissal of a 37-page complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant."  Similarly, in

4

<u>Schmidt v. Herrmann</u>, 614 F.2d 1221, 1224 (9th Cir. 1980), a complaint that was "confusing, distracting, ambiguous, and unintelligible" was held to violate Rule 8. <u>See also</u> <u>Nevijel v. N. Coast Life Ins. Co.</u>, 651 F.2d 671, 674 (9th Cir. 1981) (affirming dismissal of a 23-page complaint that was "verbose, confusing and almost entirely conclusory"); Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969) (stating that a complaint must not be so "verbose, confused and redundant that its true substance, if any, is well disguised").  In short, a complaint must at least allow the defendants to discern "what [they] are being sued for." <u>McHenry</u>, 84 F.3d at 1177.

     Plaintiffs' 66-page Verified Complaint similarly violates Rule 8.  It is not a "short and plain statement" demonstrating that Plaintiffs are entitled to relief; nor is it "simple, concise, and direct."  Fed. R. Civ. P Rule 8(a)(2), (d)(1).  It does not specify the legal and factual bases for each claim.  <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 570).  Plaintiffs only vaguely assert that Defendants violated lengthy, complex, and far-reaching federal acts, such as the "Civil Rights Act" and the "Historic Preservation Act," without specifying which provisions Defendants allegedly violated or providing factual allegations supporting the claims.  The Verified Complaint also improperly directs the court and Defendants to refer to Plaintiffs' ten motions for injunctive

relief filed concurrently with their Verified Complaint. Further, it is disorganized and lacks sequentially numbered paragraphs. As a result, the Verified Complaint is confusing, unclear, and nearly incomprehensible. The court therefore dismisses the Verified Complaint pursuant to Rule 41(b).

        B.    Plaintiffs may File an Amended Complaint That Complies with Rule 8.

The court gives Plaintiffs leave to file an Amended Complaint no later than October 8, 2010.  If Plaintiffs opt to file an Amended Complaint, they must include short and plain statements that clearly inform the court and Defendants of the specific legal bases for each claim and state the essential facts in sequentially numbered paragraphs that describe each asserted violation with sufficient detail to allow the court and Defendants to identify the bases for the claims.  The Amended Complaint may not incorporate by reference the original Verified Complaint or any motion or legal memorandum separately filed in this case.

If Plaintiffs choose to file an Amended Complaint, Plaintiffs need not attach exhibits already attached to the Verified Complaint.  The exhibits remain on file, and Plaintiffs may refer to those exhibits in their Amended Complaint.  In future filings with the court, however, parties may not incorporate those exhibits by reference; they must refile the pertinent exhibits with any new filing relying on them.

V.        CONCLUSION.

The court grants Defendants' motions to strike the Verified Complaint.  The Verified Complaint is dismissed.  Plaintiffs are given leave to amend the Verified Complaint as described in this Order by October 8, 2010.  Failure to file an Amended Complaint by October 8, 2010, will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 16, 2010.



　　　　　　　　　　　　　　　　/s/ Susan Oki Mollway
　　　　　　　　　　　　　　　　Susan Oki Mollway
　　　　　　　　　　　　　　　　United States District Judge

Seto v. Thielen, et al.; Civil No. 10-00351 SOM/BMK; ORDER DISMISSING PLAINTIFFS' VERIFIED COMPLAINT