IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MURIEL B. SETO;<br>FRIENDS OF HE`EIA STATE PARK;<br>HUI MALAMA `AINA O LAIE;<br>DAWN K. WASSON; <u>et al.</u>,<br><br>           Plaintiffs,<br><br>    vs.<br><br>LAURA THIELEN;<br>LINDA LINGLE;<br>DANIEL QUINN;<br>STEVEN THOMPSON;;<br>CURT COTTRELL;<br>RAYMOND SANBORN;<br>KAMA`AINA CARE INCORPORATED;<br><u>et al.</u><br><br>           Defendants. | CIVIL NO. 10-00351 SOM-BMK<br><br>ORDER DENYING<br>DISQUALIFICATION AND<br>RECONSIDERATION MOTIONS (ECF<br>NOS. 59 AND 57); ORDER<br>REGARDING THE FILING OF A<br>MOTION TO AMEND COMPLAINT OR<br>THE CLOSING OF THIS CASE IF<br>NO SUCH MOTION IS FILED |

<u>ORDER DENYING DISQUALIFICATION AND RECONSIDERATION MOTIONS (ECF NOS. 59 AND 57); ORDER REGARDING THE FILING OF A MOTION TO AMEND COMPLAINT OR THE CLOSING OF THIS CASE IF NO SUCH MOTION IS FILED</u>

I.      <u>BACKGROUND.</u>

        On June 22, 2010, Plaintiffs filed a Verified Complaint and ten separate motions for temporary restraining orders, which the Verified Complaint incorporated by reference.  <u>See</u> ECF Nos. 1, 4-13.  Because Plaintiffs asked for immediate injunctive relief, this court promptly reviewed the 62-page Verified Complaint and the ten separate motions.  The Verified Complaint was lengthy, repetitive, rambling, and bewildering.  This court concluded that no defendant could answer the Verified Complaint.

Accordingly, on June 25, 2010, the court noted the Verified Complaint's violation of Rule 8(a)(2) of the Federal Rules of Civil Procedure and extended Defendants' time to file an answer.  See "Order Extending Time to Answer Complaint or File Motion to Dismiss; Order Dismissing Ninth Cause of Action; Order Denying as Moot Ninth Motion for Temporary Restraining Order and Preliminary Injunction No. 9 (Docket No. 12)", June 25, 2010, ECF. No. 20.  The court ordered that, if Defendants wanted to file motions to strike the Verified Complaint, such motions had to be filed no later than July 30, 2010.  Id.  The court noted that there "may well be something worth finding in the lengthy and bewildering Verified Complaint, but any such treasure is nearly impossible to find in that lengthy and unclear document." Id.  The court informed Plaintiffs that they could moot out the filing of a motion to strike by voluntarily amending their complaint as a matter of right.  Id.  Plaintiffs, however, did not amend their Verified Complaint to comply with Rule 8(a)(2). Defendants filed motions to strike on July 14, 2010, and July 21, 2010, respectively.  See ECF Nos. 42, 45.  Plaintiffs did not file any opposition indicating that they opposed the motions to strike.

The court denied all of the motions for temporary restraining orders, see ECF Nos. 20, 21, 22, 23, 24, and 44.  On September 16, 2010, the court ruled that Plaintiffs' Verified

Complaint violated Rule 8 and dismissed the Verified Complaint. See Order Dismissing Plaintiffs' Verified Complaint, Sept. 16, 2010, ECF No. 49.  Id.  Having been on notice of the deficiencies in their Verified Complaint since June 25, 2010, Plaintiffs were given three weeks, until October 8, 2010, to file an Amended Complaint.  Plaintiffs were told that, if they failed to file an Amended Complaint by October 8, 2010, this action would automatically be dismissed.  Id.

Rather than file an Amended Complaint, Plaintiffs, at 2:00 p.m. on Friday, October 8, 2010, right before a three-day weekend, requested additional time to file the Amended Complaint, claiming that there had been extensive new factual developments and that other people wanted to be joined as Plaintiffs.  Given the ample time Plaintiffs had to amend their Verified Complaint, and because Plaintiffs did not request any specific extension, the court decided to give them a one-week extension beyond the October 8 deadline.  On October 13, 2010, Plaintiffs were told that they could file their Amended Complaint no later than October 15, 2010.  See Minute Order, Oct. 13, 2010, ECF No. 55. Assuming that Plaintiffs had been diligently working to amend their Verified Complaint by October 8, the court thought it was giving Plaintiffs ample time to file the Amended Complaint.

II.        ORDER DENYING RECUSAL MOTION.

Pursuant to 28 U.S.C. § 455(a), Plaintiffs seek to disqualify this judge from presiding over this case. Based on this court's rulings, Plaintiffs posit that this court's impartiality might reasonably be questioned. This court disagrees and denies the motion to disqualify this judge.

Judges must disqualify themselves in any proceeding in which their impartiality might reasonably be questioned, when they have a personal bias or prejudice concerning a party, or when they have personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455; see also United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008); Hamid v. Price Waterhouse, 51 F.3d 1411, 1416 (9th Cir. 1995) ("The test for recusal in this circuit is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." (quotation and citation omitted)). When a motion to recuse is sought based on § 455, "the motion is addressed to, and must be decided by, the very judge whose impartiality is being questioned." In re Bernard, 31 F.3d 842, 843 (9th Cir. 1994).

A motion to recuse is "necessarily fact-driven," and involves both an objective and subjective analysis. Holland, 519 F.3d at 914. First, this judge examines whether "a reasonable third-party observer would perceive that there is a 'significant

4

risk' that the judge will be influenced . . . on a basis other than the merits." Id. Second, the judge examines his or her subjective feelings and must recuse when the judge feels that he or she cannot preside over the case without bias. Id. at 915. Here, neither the objective nor subjective analysis requires recusal.

Plaintiffs disagree with this court's rulings. Disagreement over the merits of this case does not objectively or subjectively demonstrate partiality. This court's denials of the ten motions for injunctive relief were based on each motion's lack of merit. The rulings had nothing to do with who the parties were. Nor did the dismissal of the Verified Complaint with leave to amend constitute objective evidence of partiality by the court, as the Verified Complaint clearly violated the Federal Rules. Plaintiffs have incorrectly perceived hostility from this court. The court bears no ill-will towards Plaintiffs and does not favor any party to this action. The court merely desires to hold Plaintiffs to the rules governing pleadings. That is why the court gave Plaintiffs leave to file an Amended Complaint.

Plaintiffs claim that this court's failure to give them an open-ended extension to amend their Verified Complaint demonstrates this court's hostility towards them. This court's deadline and extension of the deadline were designed to move this

5

case along.  The deadlines were not punitive.  Plaintiffs had known about their Verified Complaint's deficiencies for months.

Plaintiffs say that they have new facts supporting new claims and that additional persons want to join in the assertion of new claims.  The court, however, gave Plaintiffs ample time to amend their original Verified Complaint.  If there were truly new developments leading to new claims, Plaintiffs could have filed an Amended Complaint by the deadline and then requested leave from Magistrate Judge Barry M. Kurren to file a Second Amended Complaint.  Such leave would have been granted if Plaintiffs met the appropriate standard.  Plaintiffs alternatively could have timely filed an Amended Complaint and then filed another action asserting claims based on new facts.  Plaintiffs' decision not to take a deadline seriously does not demonstrate any bias or partiality by this court.

No reasonable third-party would perceive a "significant risk" that, under these circumstances, this judge is or would be influenced by something other than the merits.  See Holland, 519 F.3d at 914.  Accordingly, the motion to disqualify this judge is denied.

III.    THE ACTION WILL AUTOMATICALLY BE DISMISSED IF PLAINTIFFS FAIL TO FILE A MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT BY NOON ON FRIDAY, OCTOBER 29, 2010.

Plaintiffs seek reconsideration of the October 13, 2010, minute order granting Plaintiffs until October 15, 2010, to file an Amended Complaint.  Plaintiffs argue that they need an open-ended extension to file an amended pleading because new facts are developing and additional people might want to join as Plaintiffs.  The reconsideration motion is denied.

As noted above, Plaintiffs' Verified Complaint was dismissed with leave to amend no later than October 8, 2010.  On October 13, 2010, the court granted Plaintiffs' last-minute request to extend that deadline, giving Plaintiffs until October 15, 2010, to file their Amended Complaint.  Plaintiffs were informed that failure to file an Amended Complaint by that date would result in the automatic dismissal of this action.  See Minute Order, Oct. 13, 2010, ECF No. 55.

On October 15, 2010, rather than filing an Amended Complaint, Plaintiffs moved for reconsideration of the court's October 13, 2010, minute order.  Plaintiffs reargued their need for an open-ended extension to file an Amended Complaint because of new facts supporting additional claims and additional potential plaintiffs.  Plaintiffs fail to satisfy any ground for a reconsideration motion under Local Rule 60.1.  It appears that Plaintiffs are basing their reconsideration motion on the

contention that this court committed a manifest error of law or fact by only giving Plaintiffs until October 15, 2010, to amend their Complaint.  As noted above, however, Plaintiffs had ample time to amend their original Complaint.  To the extent Plaintiffs desired to add new claims and/or parties but could not do so by the deadline, Plaintiffs could have complied with the deadline and then sought leave to add additional claims and parties.  Plaintiffs did not do so.  Reconsideration of the October 13, 2010, minute order is therefore not justified.

Because Plaintiffs have failed to timely file their Amended Complaint, and because Plaintiffs no longer have the right to file an Amended Complaint as a matter of course under Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiffs may no longer simply file an Amended Complaint.  This court recognizes that Plaintiffs' counsel is capable of filing coherent documents on short notice, <u>see, e.g.</u>, Plaintiffs' Motion for Reconsideration, Oct. 15, 2010, ECF No. 57; Plaintiffs' Motion to Disqualify, Oct. 15, 2010, ECF No. 59, and this court assumes that Plaintiffs have been thinking about their Amended Complaint for months.  This court now states that Plaintiffs may file a motion with Magistrate Judge Barry M. Kurren that seeks leave to file an Amended Complaint.  Any such motion must attach the proposed Amended Complaint and be filed no later than noon on Friday, October 29, 2010.

8

If Plaintiffs fail to file a motion seeking leave to file an Amended Complaint by noon on Friday, October 29, 2010, a partial judgment in favor of Defendants will be entered with respect to the Ninth Cause of Action, which was dismissed based on a lack of standing, see ECF No. 20, and the remainder of this action will be dismissed without prejudice.  This means that, except with respect to the Ninth Cause of Action, Plaintiffs would be free to file another action asserting the claims they knew about at the time they filed their Verified Complaint, as well as claims they have recently found out about.

If Plaintiffs timely file a motion seeking leave to file an Amended Complaint, no partial judgment will automatically be entered and this action will not automatically be dismissed.

IV.     CONCLUSION.

For the forgoing reasons, the motion to disqualify this judge, ECF No. 59, and the motion for reconsideration, ECF No. 57, are denied.

Given Plaintiffs' failure to comply with the deadline to file an Amended Complaint, and because Plaintiffs may no longer amend their Complaint as a matter of course pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiffs may no longer simply file an Amended Complaint.  However, Plaintiffs may file a motion with Magistrate Judge Barry M. Kurren seeking leave to file an Amended Complaint.  If no such

9

motion is filed by noon on Friday, October 29, 2010, the Clerk of Court is directed to enter a judgment in favor of Defendants with respect to the Ninth Cause of Action, which was dismissed for lack of standing on June 25, 2010, and the remainder of this action will automatically be dismissed.  This means that, if Plaintiffs fail to file a motion seeking leave to file an Amended Complaint by noon on Friday, October 29, 2010, the Clerk of Court will automatically close this case.  If Plaintiffs do file such a motion, the Clerk of Court will not automatically close this case.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, October 20, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Seto v. Thielen, et al.; Civil No. 10-00351 SOM/BMK; ORDER DENYING DISQUALIFICATION AND RECONSIDERATION MOTIONS (ECF NOS. 59 AND 57); ORDER REGARDING THE FILING OF A MOTION TO AMEND COMPLAINT OR THE CLOSING OF THIS CASE IF NO SUCH MOTION IS FILED