IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MURIEL B. SETO, ET AL. | ) | Civ. No. 10-00351 SOM-BMK |
|---|---|---|
| Plaintiffs, | ) ) ) | ORDER DENYING PLAINTIFFS' MOTION TO SEEK LEAVE TO FILE FIRST AMENDED COMPLAINT |
| vs. | ) ) ) | |
| LAURA THIELEN, ET AL., | ) ) | |
| Defendants. | ) ) | |

ORDER DENYING PLAINTIFFS' MOTION TO SEEK LEAVE
TO FILE FIRST AMENDED COMPLAINT

Before the Court is Plaintiffs Friends of He`eia State Park, Hui Malama `Aina O Laie, and Dawn K. Wasson's Motion to Seek Leave to File First Amended Complaint.[1] The Court heard this Motion on January 10, 2011. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, Plaintiffs' Motion is DENIED.

Plaintiffs seek to file a First Amended Complaint. The Original Complaint in this case was "nearly incomprehensible," "excessively lengthy (62 pages), disorganized, . . . unclear about what legal obligations Defendants allegedly violated," "repetitive, rambling, and bewildering." (Docs. 49 & 60.) In an order

---

[1] The Court notes the Original Complaint also named Plaintiff Muriel B. Seto, but Seto does not appear on the captions of Plaintiffs' Motion or the proposed First Amended Complaint.

dated June 25, 2010, Chief District Judge Susan Oki Mollway noted that an "amended complaint must comply with Rule 8(a)(2)," which

> means that any amended complaint must be a short and plain statement of the claim demonstrating an entitlement to relief. The amended complaint should allege the essential facts in sequentially numbered paragraphs and may not incorporate by reference any other document filed by Plaintiffs. Thus, it may not incorporate the original complaint or any motion. Any amended complaint should then assert claims that clearly refer to the factual and legal bases of the claims. Rather than asserting that some unidentified conduct on the part of Defendants violated some uncited provision of a large federal act, Plaintiffs should describe any asserted violation with detail sufficient to allow the court and Defendants to identify the bases of each claim. More than mere conclusions must be alleged.

(Doc. 20 at 3.) Judge Mollway subsequently allowed Plaintiffs to file the present Motion to Seek Leave to File First Amended Complaint.

Attached to Plaintiffs' Motion is their proposed First Amended Complaint ("FAC"). The FAC repeats many of the same defects as were in the Original Complaint and violates Judge Mollway's prior orders, which clearly laid out the requirements for an amended complaint. The FAC is lengthy at 40 pages, does not have sequentially numbered paragraphs, and is confusing. Contrary to Judge Mollway's order that Plaintiffs "describe any asserted violation with detail sufficient to allow the court and Defendants to identify the bases of each claim,"

2

the FAC leaves Defendants and this Court guessing what factual bases or conduct underlies each claim. The Court agrees with Defendants that the FAC "lacks factual content about what conduct was allegedly perpetrated by which defendant, where, when, in what manner, and how the Plaintiffs claim to have been harmed or otherwise have an individualized stake in the matter so Defendants and the court can 'identify the bases of each claim.'" (Opp. at 13.) Plaintiffs' failure to comply with Rule 8 of the Federal Rules of Civil Procedure, as well as Judge Mollway's prior orders, gives this Court enough reason to deny Plaintiffs' present Motion.

Nevertheless, the FAC must also be rejected for futility. When a proposed "amendment would be futile, there is no need to prolong the litigation by permitting further amendment." Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1088 (9th Cir. 2002). First, Count 2 (violation of Federal Land and Water Conservation Fund Act), Count 3 (violation of Federal Historical Preservation Act), and Count 6 (violation of Coastal Zone Management Act) fail to state a claim as no private right of action against Defendants exists under these statutes. Shanks v. Dressel, 540 F.3d 1082, 1092 (9th Cir. 2008) (the National Historic Preservation Act "does not create a private right of action"); George v. NYC Dep't of City Planning, 436 F.3d 102, 104 (2d Cir. 2006) ("the Coastal Zone Management Act creates no private right of action"); Sportsmen's Wildlife Def. Fund v. U.S. Dep't

of Interior, 40 F. Supp. 2d 1192, 1200 (D. Colo. 1999) ("no private right of action exists for alleged violations of the [Land and Water Conservation Fund Act]").

Second, Count 4 (violation of Religious Freedom Restoration Act) is futile because that act is inapplicable to states. (See Order Denying Motion for Temporary Restraining Order No. 4 at 6.)

Third, Count 5 (violation of Clean Water Act) and Count 7 (violation of Endangered Species Act) are futile because Plaintiffs failed to provide Defendants with the 60-day written notice of violation, which is a precondition of their entitlement to sue Defendants under the Clean Water Act and the Endangered Species Act. Ctr. for Biological Diversity v. Marine Point Dev. Co., 556 F.3d 794, 800 (9th Cir. 2009) (noting that the citizen suit provision of the Clean Water Act requires that "the citizen . . . give a 60-day notice of intent to sue" and that, "absent that notice, the action is prohibited"); S.W. Ctr for Biological Diversity v. U.S. Bureau of Reclamation, 143 F.3d 515, 520 (9th Cir. 1998) (noting that the "sixty-day notice requirement [under the Endangered Species Act] is jurisdictional" and that "failure to strictly comply with the notice requirement acts as an absolute bar to bringing suit under the ESA").

Lastly, Count 1 (violation of "Civil Rights Act and Abuse of Governmental Authority"), Count 8 (violation of the Civil Rights Act), and

4

Count 9 (violation of "Government Authority" and "the Civil Rights Act and Unequal Protection of the Law") fail to state a claim because Plaintiffs do not identify the specific federal rights at issue, which leaves Defendants and this Court to guess what those rights may be.

Accordingly, because the proposed First Amended Complaint violates Rule 8 and Judge Mollway's prior orders, and would be futile, the Court DENIES Plaintiffs' Motion to Seek Leave to File First Amended Complaint.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' Motion to Seek Leave to File First Amended Complaint.

DATED: Honolulu, Hawaii, January 28, 2011.

IT IS SO ORDERED.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Seto, et al. v. Thielen, et al., Civ. No. 10-00351 SOM-BMK; ORDER DENYING PLAINTIFFS' MOTION TO SEEK LEAVE TO FILE FIRST AMENDED COMPLAINT.