IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MURIEL B. SETO, ET AL., | ) | Civ. No. 10-00351 SOM-BMK |
|---|---|---|
| Plaintiffs, | ) | FINDINGS AND RECOMMENDATIONS ON VARIOUS MOTIONS |
| vs. | ) | |
| KAMA`AINA CARE INCORPORATED, ET AL., | ) | |
| Defendants. | ) | |

## FINDINGS AND RECOMMENDATIONS ON VARIOUS MOTIONS

Before the Court are the following Motions: Defendants Raymond Sanborn and Kama`aina Care, Inc.'s Motion for Sanctions Against Plaintiffs and Their Counsel of Record for Signing, Filing, and Presenting to the Court Frivolous Pleadings and Papers and Vexatiously Multiplying the Proceedings in This Case (Doc. 104); Defendants Raymond Sanborn and Kama`aina Care, Inc.'s Motion for Award of Attorney's Fees and Non-Taxable Expenses as Prevailing Parties (Doc. 105); Harold Shepherd's Motion to Dismiss Defendants' Motion for Sanctions Against Plaintiffs and Their Counsel of Record for Signing, Filing, and Presenting to the Court Frivolous Pleadings and Papers and Vexatiously Multiplying the Proceedings in This Case (Doc. 119); Plaintiffs' June 22, 2011 Motion to Dismiss Defendants' Motion for Award of Attorney's Fees and Non-

Taxable Expenses as Prevailing Parties and Defendants' Motion for Sanctions Against Plaintiffs and Their Counsel of Record for Signing, Filing, and Presenting to the Court Frivolous Pleadings and Papers and Vexatiously Multiplying the Proceedings in This Case and Motion for Rule 11 Sanctions Against Defendants Ray Sanborn and Kama`aina Care's Counsel, Christopher J. Cole, and State Attorney General's Counsel, William J. Wynhoff (Doc. 138); and Plaintiffs' Motion to Stay Any Award of Fees and Punitive Damages (Doc. 166).

The Court heard these Motions on November 1, 2011. After careful consideration of the Motions, the supporting and opposing memoranda, and the arguments of counsel, this Court finds and recommends that the Court: GRANT an award of $70,257.66 in fees and costs as sanctions under Rule 11 against Plaintiffs' counsel, Anthony P. Locricchio, and in favor of Defendants Raymond Sanborn and Kama`aina Care Inc.; DENY sanctions against Plaintiffs and their other counsel, Harold Shepherd; DENY sanctions against defense counsel; and DENY Plaintiffs' request to stay an award of fees, costs, and sanctions.

BACKGROUND

Plaintiffs[1] filed their Complaint, as well as ten motions for temporary restraining order and preliminary injunction against various Defendants[2] on June 22, 2010. The Complaint included ten Claims: Claim 1 for "Violation of Civil Rights Act and Abuse of Governmental Authority," Claim 2 for "Violation of the Federal Land and Water Conservation Fund Act of 1964," Claim 3 for "Violation of Federal Historical Preservation Act of 1966," Claim 4 for "Violation of Religious Freedom Restoration Act of 1993," Claim 5 for "Violation of Clean Water Act of 1972," Claim 6 for "Violation of Coastal Zone Management Act and SMA Act," Claim 7 for "Violation of Endangered Species Act," Claim 8 for "Violation of the Civil Rights Act of 1871," Claim 9 for "Violation of the National Historic Preservation Act and Agreement of Kaneohe Bay Master Plan approved by DLNR," and Claim 10 for "Violation of the Governmental Authority and Violation of the Civil Rights Act and Unequal Protection of the Law."

On September 16, 2010, Chief Judge Susan Oki Mollway dismissed the Complaint, stating:

---

[1] Plaintiffs are Muriel B. Seto, Friends of He`eia State Park, Hui Malama `Aina O Laie, and Dawn K. Wasson.

[2] Defendants Laura Thielen, Linda Lingle, Daniel Quinn, Steven Thompson, and Curt Cottrell are collectively referred to as "State Defendants." Defendants Raymond Sanborn and Kama`aina Care Inc. are collectively referred to as "KCI Defendants."

> The Verified Complaint does not comply with Rule 8 of
> the Federal Rules of Civil Procedure, which mandates
> that a complaint provide a short and plain statement of
> the claims and demonstrate that the complaining party is
> entitled to relief. Instead, the Verified Complaint is
> excessively lengthy (62 pages), disorganized, and unclear
> about what legal obligations Defendants allegedly
> violated. As a result, Defendants and this court are
> unable to discern the legal and factual bases for
> Plaintiffs' claims for relief.

(Doc. 49 at 1-2.) Judge Mollway dismissed the Complaint with leave to file an Amended Complaint by October 8, 2010.

On October 8, 2010, instead of filing an Amended Complaint, Plaintiffs moved for an extension of time to file an Amended Complaint. That request was granted, and the deadline was extended to October 15, 2010.

On October 15, 2010, instead of filing an Amended Complaint, Plaintiffs filed a motion to reconsider the October 15, 2010 deadline. That same day, Plaintiffs moved to recuse Judge Mollway. Both motions were denied. With respect to the deadline for filing an Amended Complaint, Judge Mollway stated that "Plaintiffs may no longer simply file an Amended Complaint" and that they must "file a motion . . . seeking leave to file an Amended Complaint." (Doc. 60 at 9.)

On October 29, 2010, Plaintiffs filed a motion for leave to file an Amended Complaint. This Court denied that motion on January 10, 2011 and

issued an order on January 28, 2011. (Doc. 96.) This Court noted that "the [proposed Amended Complaint] repeats many of the same defects as were in the Original Complaint and violates Judge Mollway's prior orders, which clearly laid out the requirements for an amended complaint." (Id. at 2.) Because Plaintiffs did not file a timely appeal of that order to Judge Mollway, she directed "the Clerk of Court to enter judgment in favor of Defendants and to close this case." (Doc. 97.) Judgment was so entered on February 22, 2011. (Doc. 98.)

After Judgment was entered, counsel filed the present Motions. Briefly, KCI Defendants seek their fees and costs under various fee statutes and, alternatively, as sanctions under Rule 11. Plaintiffs, in turn, seek Rule 11 sanctions against Christopher J. Cole (counsel for KCI Defendants) and William J. Wynhoff (counsel for State Defendants). Harold Shepherd, pro hac vice counsel for Plaintiffs, argues that he should not be liable for any sanctions in this case.

## DISCUSSION

I.  KCI Defendants' Request for Fees and Costs

KCI Defendants move for an award of fees and costs pursuant to several fee statutes. They acknowledge that only five of Plaintiffs' Claims allow for a statutory recovery of fees and costs by the prevailing party. The five Claims that have statutory fee provisions are Claims 1 and 8 (violation of Civil Rights

5

Act), Claim 4 (violation of Religious Freedom Restoration Act), Claim 5 (violation of Clean Water Act), and Claim 7 (violation of Endangered Species Act). The statutes that allow for fees and costs for these Claims are 42 U.S.C. § 1988(b) (allowing "the prevailing party" reasonable fees and costs for civil rights claims brought under 42 U.S.C. § 1983 or under the Religious Freedom Restoration Act), 33 U.S.C. § 1365(d) (allowing fees and costs "to any prevailing or substantially prevailing party" under the Clean Water Act), and 16 U.S.C. § 1540(g)(4) (allowing fees and costs under the Endangered Species Act to "any party").

On September 16, 2010, Judge Mollway dismissed Plaintiffs' Complaint. After Plaintiffs' motion for leave to file an Amended Complaint was denied and that order was not appealed, Judgment was "entered in favor of the Defendants" on February 22, 2011. Thus, KCI Defendants clearly prevailed over all of Plaintiffs' Claims and, based on the statutory provisions above, the Court finds and recommends that KCI Defendants are entitled to an award of fees and costs for Claims 1, 4, 5, 7, and 8. See 16 U.S.C. § 1540(g)(4); 33 U.S.C. § 1365(d); 42 U.S.C. § 1988(b).

KCI Defendants incurred a total of $70,257.66 in fees and costs. Although Plaintiffs do not dispute the reasonableness of the amount of those fees, KCI Defendants acknowledge that some Claims have no statutory provision for the

recovery of fees and costs. Therefore, KCI Defendants propose that "an award of one-half (½) of the fees" is "a fair allocation." However, KCI Defendants alternatively seek "100% of the fees" as sanctions under Rule 11. As discussed in the next section, the Court finds and recommends a full recovery of fees and costs as sanctions under Rule 11.

II.  KCI's Request for Fees and Costs as Sanctions Under Rule 11

Although the Court recommends that KCI Defendants be awarded their fees and costs for Claims 1, 4, 5, 7, and 8, KCI Defendants alternatively seek a full recovery of their fees and costs as sanctions under Rule 11.

Rule 11 of the Federal Rules of Civil Procedure "provides for the imposition of sanctions when a motion [or other paper] is frivolous, legally unreasonable, or brought for an improper purpose." Smith & Green Corp. v. Trs. of the Const. Industry Laborers Health & Welfare Trust, 244 F. Supp. 2d 1098, 1103 (D. Nev. 2003). "Attorneys and "unrepresented parties" are subject to Rule 11. According to Rule 11(b):

> By presenting to the court a pleading, written motion, or
> other paper – whether by signing, filing, submitting, or
> later advocating it – an attorney or unrepresented party
> certifies that to the best of the person's knowledge,
> information, and belief, formed after an inquiry
> reasonable under the circumstances:
> . . . .

7

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

"If the Court determines that [Rule 11(b)] has been violated, it may impose appropriate sanctions upon the attorneys, law firms, or parties that are responsible for the violation." Smith & Green Corp., 244 F. Supp. 2d at 1103. "The main objective of Rule 11 is to deter baseless filings and curb litigation abuses." Id.

The Ninth Circuit has clarified the standard for determining whether Rule 11 sanctions are warranted:

> When, as here, a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." As shorthand for this test, we use the word "frivolous" "to denote a filing that is <u>both</u> baseless <u>and</u> made without a reasonable and competent inquiry."

Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (citations omitted) (emphases in original). This Court must therefore "examine whether counsel for [Plaintiffs] had an adequate legal or factual basis for filing the complaint, and conducted an adequate legal and factual investigation before signing and filing it." Smith & Green, 244 F. Supp. 2d at 1103.

A. Whether Plaintiffs' Claims Were "Frivolous"

For purposes of Rule 11, "frivolous" denotes "a filing that is <u>both</u> baseless <u>and</u> made without a reasonable and competent inquiry." Holgate, 425 F.3d at 676 (emphasis in original).

Here, each of Plaintiffs' Claims in the Complaint had no legal basis. First, Claim 2 (violation of Federal Land and Water Conservation Fund Act), Claim 3 (violation of Federal Historical Preservation Act), and Claim 6 (violation of Coastal Zone Management Act) were legally baseless, as no private right of action against Defendants exists under these statutes. See Shanks v. Dressel, 540 F.3d 1082, 1092 (9th Cir. 2008) (the National Historic Preservation Act "does not create a private right of action"); George v. NYC Dep't of City Planning, 436 F.3d 102, 104 (2d Cir. 2006) ("the Coastal Zone Management Act creates no private right of action"); Sportsmen's Wildlife Def. Fund v. U.S. Dep't of Interior, 40 F. Supp. 2d 1192, 1200 (D. Colo. 1999) ("no private right of action exists for alleged violations of the [Land and Water Conservation Fund Act]"). Second, Claim 4 (violation of Religious Freedom Restoration Act) was legally baseless because that act is inapplicable to states. (See Order Denying Motion for Temporary Restraining Order No. 4 at 6.)

9

Third, Claim 5 (violation of Clean Water Act) and Claim 7 (violation of Endangered Species Act) were legally baseless because Plaintiffs failed to provide Defendants with the 60-day written notice of violation, which is a precondition of their entitlement to sue Defendants under the Clean Water Act and the Endangered Species Act. See Ctr. for Biological Diversity v. Marine Point Dev. Co., 556 F.3d 794, 800 (9th Cir. 2009) (noting that the citizen suit provision of the Clean Water Act requires that "the citizen . . . give a 60-day notice of intent to sue" and that, "absent that notice, the action is prohibited"); S.W. Ctr for Biological Diversity v. U.S. Bureau of Reclamation, 143 F.3d 515, 520 (9th Cir. 1998) (noting that the "sixty-day notice requirement [under the Endangered Species Act] is jurisdictional" and that "failure to strictly comply with the notice requirement acts as an absolute bar to bringing suit under the ESA").

Lastly, Claim 1 (violation of "Civil Rights Act and Abuse of Governmental Authority"), Claim 8 (violation of the Civil Rights Act), and Claim 10 (violation of "Governmental Authority" and "the Civil Rights Act and Unequal Protection of the Law"), failed to state a claim because Plaintiffs did not identify the specific federal rights at issue, which left Defendants and this Court to

guess what those rights could be. Based on the foregoing, the Court finds that Plaintiffs' Claims in the Complaint had no legal basis.[3]

Next, the Court turns to the "reasonable inquiry" part of the test, which "is meant to assist courts in discovering whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded." Holgate, 425 F.3d at 677. For the reasons discussed above and because there was no legal basis for bringing Plaintiffs' Claims, the Court finds that Plaintiffs' counsel failed to conduct a reasonable inquiry into the facts and law, and that a reasonable attorney would <u>not</u> have found the Complaint to be well-founded. See id.

In opposition to KCI Defendants' request for fees and costs as sanctions, Plaintiffs argue that res judicata principles prevent KCI Defendants from seeking fees and costs at this time. Plaintiffs allege that KCI Defendants previously sought their fees and costs from Plaintiffs and that the Court's denial of that request now bars KCI Defendants from "filing again for those same attorney fees." However, the prior motion for fees and costs that Plaintiffs allege was filed by KCI Defendants was in fact filed by the State Defendants. (See Doc. 67.)

---

[3] Even if the Court found that one of Plaintiffs' Claims had a legal basis, "'the mere existence of one non-frivolous claim' in a complaint does not immunize it from Rule 11 sanctions." Holgate, 425 F.3d at 677.

Thus, the Court rejects Plaintiffs' argument that KCI Defendants are somehow barred by res judicata from seeking their fees and costs at this time.

In sum, because the Court finds that the Claims in the Complaint were "both baseless and made without a reasonable and competent inquiry," the Court finds that Plaintiffs' Complaint was "frivolous." Holgate, 425 F.3d at 676 (emphases omitted). Therefore, sanctions under Rule 11 are warranted for the filing of the Complaint. See Fed. R. Civ. P. 11(b).

B. Amount of Sanctions

Rule 11(c)(4) authorizes the Court to award KCI Defendants their "reasonable attorney's fees and other expenses directly resulting from the violation" as a sanction for violating Rule 11. Here, KCI Defendants ask the Court to award them $67,286.65 in attorneys' fees and $2,971.01 in non-taxable expenses, for a total of $70,257.66. Plaintiffs do not dispute the reasonableness of this amount, and the Court finds this amount to be reasonable. The Court further finds that awarding KCI Defendants their full fees and costs will serve as an "effective deterrence" for filing future frivolous pleadings with the Court. See Fed. R. Civ. P. 11(c)(4). Accordingly, the Court recommends that KCI Defendants be awarded $70,257.66 in fees and costs as sanctions under Rule 11.

B. Who Shall Pay the Sanctions to KCI Defendants

KCI Defendants seek Rule 11 sanctions from Plaintiffs, as well as their counsel.

With respect to the request to sanction Plaintiffs, the Court notes that Rule 11 applies to "an attorney or unrepresented party." Fed. R. Civ. P. 11(b). Inasmuch as Plaintiffs were represented by counsel during the entire pendency of this case, and further since the Defendants do not establish any basis for an award of sanctions against Plaintiffs, the Court recommends that Plaintiffs not be liable for paying the fees and costs as Rule 11 sanctions.

Plaintiffs were represented by two attorneys in this case. Anthony P. Locricchio was their attorney of record since the beginning of this case, and Harold Shepherd was permitted to appear pro hac vice for Plaintiffs on June 30, 2010. Shepherd asks this Court to excuse him from paying the Rule 11 sanctions, stating that he "did not take or was in anyway [sic] involved in any of the 11 alleged actions listed by Defendants for which they claim relief in their Motion for Sanctions against Plaintiffs and their Council [sic] in this matter." At the hearing on these motions, counsel for KCI Defendants stated that they would not seek sanctions against Shepherd if Locricchio confirmed that Shepherd did not participate in the conduct alleged in KCI Defendants' Motion for Rule 11 sanctions. On the record, Locricchio confirmed that Shepherd did not participate

in the conduct that forms the basis of the request for Rule 11 sanctions. Consequently, the Court recommends that Shepherd not be liable for paying the fees and costs as Rule 11 sanctions.

Locricchio was the attorney of record for Plaintiffs during the entire pendency of this case, and he signed the Complaint. Pursuant to Rule 11, the Court may sanction an attorney who signs, files, or submits a court pleading that is not warranted by existing law, or is frivolous. As discussed above, the Court finds that the Complaint was frivolous. Therefore, because Locricchio signed and filed the Complaint, the Court recommends that he alone be liable to KCI Defendants for the Rule 11 sanctions totaling $70,257.66.

III.           Plaintiffs' Request for Rule 11 Sanctions Against Defense Counsel

Plaintiffs seek Rule 11 sanctions against defense counsel, Christopher J. Cole (counsel for KCI Defendants) and William J. Wynhoff (counsel for State Defendants). Cole and Wynhoff argue that Plaintiffs did not comply with the safe harbor provision of Rule 11.

When Rule 11 sanctions are sought against an attorney, the movant "must comply with Rule 11's 'safe harbor' provision." Gomes v. Am. Cent. Co., CV. 09-2153FCD-KJM, 2010 WL 1980201, at *2 (E.D. Cal. May 17, 2010) (citing Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 789 (9th Cir. 2001) (noting that

14

the procedural requirements of Rule 11's "'safe harbor' are mandatory")). Rule 11's safe harbor provision states that a "motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Further, the attorney against whom sanctions are sought "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." Id. Stated differently, "the Rule's safe harbor provision requires parties filing such motions to give the opposing party 21 days first to 'withdraw or otherwise correct' the offending paper." Holgate, 425 F.3d at 678. "The Ninth Circuit "enforce[s] this safe harbor provision strictly." Id.

Attorneys Cole and Wynhoff argue that Plaintiffs did not satisfy the safe harbor requirements of Rule 11. Plaintiffs counter that the requirements were met, but they fail to point to any "motion for sanctions . . . [that is] separate[] from any other motion and . . . describe[s] the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). In short, Plaintiffs do not establish that they served a motion for Rule 11 sanctions on Cole or Wynhoff at least 21 days prior to moving for sanctions against them, and the Court therefore finds that Plaintiffs did not satisfy the safe harbor provisions of Rule 11. Because the safe harbor

requirements are "mandatory," the Court recommends that Plaintiffs' request for sanctions against Cole and Wynhoff be denied.

IV.    Plaintiffs' Request to Stay an Award of Fees, Costs, and Sanctions

In their Motion to Stay Any Award of Fees and Punitive Damages (Doc. 166), Plaintiffs ask this Court to "stay any implementation of such an award, if granted, until after final rulings of the 9th Circuit Court of Appeals."

Pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, "an appellant can stay execution of a money judgment by posting a supersedeas bond approved by the district court." Exxon Valdez v. Exxon Mobil, 568 F.3d 1077, 1084 (9th Cir. 2009) (citing Fed. R. Civ. P. 62(d) ("If an appeal is taken, the appellant may obtain a stay by supersedeas bond.")). The purpose of the bond requirement is to protect the non-appealing party's rights while recognizing that "there can be no certainty about who is in the right until the appeals are done." Id.

In cases such as this one, where Plaintiffs do not offer to post a supersedeas bond, "a district court retains the discretion to stay the enforcement of a judgment without requiring the losing party to post a bond." Ball v. Idaho State Bd. of Corr., CV. 81-1165 BLW, 2010 WL 3001442, at *1 (D. Idaho July 28, 2010). "This is an equitable decision, and the court should consider (1) the likelihood of success on the merits, (2) the extent of irreparable injury if a stay

16

does not issue, (3) the balance of the hardships, and (4) the public interest." Id. (citing United States v. Peninsula Communications, Inc., 287 F.3d 832, 838 (9th Cir. 2002)).

Here, Plaintiffs do not offer to post a bond pending the Ninth Circuit's ruling. Thus, the Court must balance the foregoing Ball factors. First, the Court finds that Plaintiffs are unlikely to succeed on appeal because, for the reasons discussed for each Claim above, the Claims were properly dismissed and leave to amend was properly denied. With respect to the remaining factors – the extent of irreparable injury if a stay does not issue, the balance of the hardships, and the public interest – Plaintiffs provide no argument other than simply stating that "they would be damaged by awaiting the pending 9th Circuit rulings." Ball, 2010 WL 3001442, at *1. Inasmuch as Plaintiffs fail to satisfy the factors for staying this Court's award of sanctions without offering a supersedeas bond, the Court finds and recommends that an award of fees and costs as sanctions not be stayed pending the Ninth Circuit's ruling on appeal.

## CONCLUSION

For the foregoing reasons, the Court finds and recommends that:

• Defendants Raymond Sanborn and Kama`aina Care, Inc.'s Motion for Sanctions Against Plaintiffs and Their Counsel of Record for Signing, Filing,

17

and Presenting to the Court Frivolous Pleadings and Papers and Vexatiously Multiplying the Proceedings in This Case (Doc. 104) be GRANTED IN PART and DENIED IN PART;

• Defendants Raymond Sanborn and Kama`aina Care, Inc.'s Motion for Award of Attorney's Fees and Non-Taxable Expenses as Prevailing Parties (Doc. 105) be GRANTED IN PART AND DENIED IN PART;

• Harold Shepherd's Motion to Dismiss Defendants' Motion for Sanctions Against Plaintiffs and Their Counsel of Record for Signing, Filing, and Presenting to the Court Frivolous Pleadings and Papers and Vexatiously Multiplying the Proceedings in This Case (Doc. 119) be GRANTED;

• Plaintiffs' June 22, 2011 Motion to Dismiss Defendants' Motion for Award of Attorney's Fees and Non-Taxable Expenses as Prevailing Parties and Defendants' Motion for Sanctions Against Plaintiffs and Their Counsel of Record for Signing, Filing, and Presenting to the Court Frivolous Pleadings and Papers and Vexatiously Multiplying the Proceedings in This Case and Motion for Rule 11 Sanctions Against Defendants Ray Sanborn and Kama`aina Care's Counsel, Christopher Cole, and State Attorney General's Counsel, William Wynhoff (Doc. 138) be DENIED; and

• Plaintiffs' Motion to Stay Any Award of Fees and Punitive Damages (Doc. 166) be DENIED.

Any objections to these Findings and Recommendations shall be filed in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

DATED: Honolulu, Hawaii, November 30, 2011.

IT IS SO ORDERED.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Muriel B. Seto, et al. v. Kama`aina Care Inc., et al., Civ. No. 10-00351 SOM-BMK; FINDINGS AND RECOMMENDATIONS ON VARIOUS MOTIONS.