IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MURIEL B. SETO; ET AL. | ) | CV 10-00351 SOM-BMK |
| | ) | |
| Plaintiffs, | ) | ORDER ADOPTING |
| | ) | MAGISTRATE JUDGE'S |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS ON |
| KAMAI'AINA CARE | ) | VARIOUS MOTIONS |
| INCORPORATED, ET AL, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER ADOPTING MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATIONS ON VARIOUS MOTIONS

This court has before it a document filed by Anthony Locricchio, counsel for Plaintiffs, with the title "Notice of Appeal Re: Findings and Recommendations on Various Motions." Notwithstanding the reference to an "appeal," this court construes the document as raising objections to the Magistrate Judge's Findings and Recommendations ("F&R") filed on December 8, 2011.  An appeal is allowed only from a Magistrate Judge's order on a nondispositive matter.  See 28 U.S.C. § 636(b)(1)(A), LR 74.1.  The F&R is not an order on a nondispositive matter. Instead, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 74.2, the F&R recommends that the district judge take certain actions.  If error is alleged, it must

be in objections filed in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 74.2.

The problem with the objection is not that it bears an incorrect name.  This court would have no problem ignoring an incorrect label and reviewing the merits of an objection.  The problem with the objection is that it does not tell the court what is being objected to and the basis of the objection.  While expressly referring to Local Rule 74.2, the objection violates the requirements of that rule.  Local Rule 74.2 states, "The objecting party shall file with the clerk, and serve on the magistrate judge and all parties, written objections that specifically identify the portions of the order, findings, or recommendations to which objection is made and the basis for such objections."  This requirement mirrors the requirement in Local Rule 74.1, applicable to an appeal taken from a Magistrate Judge's order on a nondispositive matter.  See LR 74.1 ("The appealing party shall file with the clerk, and serve on the magistrate judge and all parties, a written statement of appeal that shall specifically designate the portions of the order appealed from after having been served with a copy thereof and the basis for such appeal.").  Possibly because of a misapprehension about the procedure for asserting error in a Magistrate Judge's recommendation or order, the document in issue here simply asserts a challenge to the recommendation without any detail at all.  This not only violates

Local Rule 74.2, it makes review impossible.  Accordingly, the objection is overruled and the court adopts the F&R.

The court notes that, even reviewing de novo the materials before the Magistrate Judge on the matter of attorneys' fees and nontaxable expenses, the court discerns no reason for rejecting or modifying the F&R.  Thus, if an objection in compliance with Local Rule 74.2 would only have reiterated the points raised before the Magistrate Judge, the result would not have changed even had the objection set forth those points.

In accordance with the F&R, Locricchio is ordered to pay forthwith $67,286.65 in attorneys' fees and $2971.01 in nontaxable expenses, for a total of $70,257.66, jointly to Defendants Raymond Sanborn and Kama'aina Care, Inc.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 27, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Muriel B. Seto, et al. v. Kama`aina Care Incorporated, et al.; Civ. 10-00351 SOM-BMK; ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS ON VARIOUS MOTIONS